IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISMAEL PADILLA<br>    TDCJ-CID 356764,<br>        Petitioner,<br>v.<br><br>RICK THALER,[1]<br>        Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION H-12-261 |

## MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Ismael Padilla, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the execution of his sentence. After reviewing the pleadings, the Court will dismiss the habeas petition because the petitioner's claims are legally frivolous.

### I. BACKGROUND

Petitioner was convicted of aggravated robbery with a deadly weapon on May 3, 1983, in the 203rd District Court of Dallas County, Texas in cause number W83-88766 and sentenced to a fifty-year term of imprisonment. <u>Padilla v. Thaler</u>, Civil Action No.3:12cv0485 (N.D. Tex., Apr. 9, 2012) (Docket Entry No.6). Petitioner reports, and public records show, that he was convicted of rape in the same court on the same day in cause number W82-

---

[1] Petitioner names as respondents Craig Watkins, the Dallas County District Attorney, and Stuart Jenkins, the Director of the Texas Board of Paroles. Because petitioner brings this suit as a federal habeas action, the correct respondent is his custodian-Rick Thaler, the Director of the Texas Department of Criminal Justice.

90756, and was sentenced to twenty years confinement. TDCJ Website.² Petitioner does not challenge his present conviction; therefore, a procedural history of case is unnecessary.

On November 21, 2011, while incarcerated in the Pack Unit of TDCJ-CID, petitioner filed the present habeas action in the United States District Court for the Western District of Louisiana. (Docket Entry No.1). In early December 2011, petitioner informed the Louisiana District Court that he had been transferred to the Stringfellow Unit of TDCJ-CID. (Docket Entry No.5). In late January 2012, the Western District Court transferred the case to this Court. (Docket Entry No.7).

In the pending habeas action, petitioner claims that his rape conviction expired in March 2003, at which time he became eligible for release on parole. (Id., page 6). He was denied such release because he refused to comply with conditions that his discharged sentence does not require. (Id.). Petitioner claims that on September 10, 2008, he was again denied release to parole in retaliation for refusing to agree to sex offender registration and substance abuse treatment. (Id., pages 6-7). He contends that such parole conditions are illegal because he is a technical parole violator and the sex and substance abuse guidelines have nothing to do with his technical violation. He further claims he is not subject to such guidelines because Texas law on the date of his

---

2   http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=02701956 (viewed May 8, 2012).

offense did not require such compliance. Petitioner contends that "[t]he imposition of parole guidelines constituted an [sic] parole board conviction uncharged, serving time for an original conviction a second time or for a new offense illigally [sic] imposed without indictment or an [sic] trial in court." (Id., page 7).

## II. DISCUSSION

The federal courts are authorized to dismiss a federal habeas petition without ordering a response where it plainly appears that the petitioner is not entitled to relief. See 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the reasons to follow, the Court finds that the pending petition lacks an arguable basis in law and must be dismissed on that ground. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 568-69 (5th Cir. 1996).

### A. Sex Offender and Substance Abuse Condtions

On December 20, 2011, before the present case was transferred to this Court, petitioner filed a civil rights case under 42 U.S.C. § 1983, in the United States District Court for the Northern District of Texas, Dallas Division. Padilla v. Jenkins, Civil Action No.3:11CV3509 (N.D. Tex. Apr. 9, 2012). In such complaint, plaintiff grieved that he was being held unconstitutionally "because he has essentially been made to serve his sentences in two

3

cases a second time through a parole revocation and the denial of parole. . . [and] he has been denied parole because he refused to agree to sex offender registration and substance abuse treatment." Id. at Docket Entry No. 14 (Findings, Conclusions, and Recommendation, adopted on April 9, 2012). The Dallas District Court did not address petitioner's request for release from imprisonment and dismissed his claim regarding the fact or duration of parole as barred by the favorable termination requirement in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Id. The Dallas Court did, however, address his complaint that his "rights were violated because he was denied parole in retaliation for refusal to register as a sex offender and enter substance abuse treatment." Id. Relying on the holding of Jennings v. Owens, 602 F.3d 652, 659-59 (5th Cir. 2010), the Dallas District Court found that petitioner's claim was frivolous and subject to dismissal. Civil Action No.3:11CV3509 at Docket Entry No.14.

Because the Dallas District Court has addressed plaintiff's complaints regarding sex offender and substance abuse treatment conditions for parole, collateral estoppel bars petitioner from relitigating the same issue in this Court. See Society of Separationists, Inc. v. Herman, 939 F.2d 1207, 1213 (1991) (noting that for a prior judgment to have preclusive effect as to a particular issue, the issue must be identical to the one in the prior litigation, the issue was actually litigated in the prior

4

litigation, and the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that earlier action). Accordingly, the Court will dismiss petitioner's claims regarding retaliatory sex offender and substance abuse treatment as conditions for parole.

## B. Denial of Release to Parole

Petitioner's claim that he has been denied release to parole is without legal merit. An inmate does not have a constitutional right to conditional release prior to the expiration of a valid sentence. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Moreover, a Texas inmate has no constitutionally protected right to parole because the relevant Texas statutes do not create an expectation of release that would implicate due process considerations. Johnson v. Rodriguez, 110 F.3d 299, 305 (5th Cir. 1997); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995); Orellana v. Kyle, 65 F.3d 29 (5th Cir. 1995); Gilbertson v. Texas Bd. of Pardons & Paroles, 993 F.2d 74 (5th Cir. 1993); Creel v. Keene, 928 F.2d 707 (5th Cir. 1991); Williams v. Briscoe, 641 F.2d 274 (5th Cir. 1981). *See also* Board of Pardons v. Allen, 482 U.S. 369, 378 n.10 (1987) (noting that "statutes or regulations providing that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"). Such release is entirely speculative. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).

Because he has no constitutionally protected interest in release to parole, petitioner is not entitled to federal habeas relief on this claim.

### III. CERTIFICATE OF APPEALABILITY

Petitioner has not made a substantial showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that such jurists "would find it debatable whether the district court was correct in its procedural ruling." Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). For this reason, this Court finds that a certificate of appealability should not issue in this case.

### IV. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's habeas action is DISMISSED WITH PREJUDICE.

2. A certificate of appealability is DENIED.

3. All pending motions, if any, are DENIED.

Signed at Houston, Texas, on November 16, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE